COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
MARY KATHRYN KELLEY (170259)
(mkkelley@cooley.com)
PETER M. ADAMS (243926) (padams@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
Genoptix, Inc., Tina S. Nova,
Douglas Schuling, and Samuel D. Riccitelli

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND – LAKE COUNTY AND VICINITY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENOPTIX, INC., TINA S. NOVA, DOUGLAS A. SCHULING and SAMUEL D. RICCITELLI,<br><br>Defendants. | Case No. 10-cv-2502-CAB (DHB)<br><br>**ANSWER TO PLAINTIFF'S AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Defendants Genoptix, Inc. ("Genoptix"), Tina S. Nova, Douglas A. Schuling, and Samuel D. Riccitelli (collectively, "Defendants"), through their counsel, hereby answer lead plaintiff City of Ann Arbor Employees' Retirement System's ("Plaintiff") Amended Consolidated Class Action Complaint (the "Complaint").

## INTRODUCTION

1.    Defendants admit that Plaintiff purports to bring a class action on behalf of itself and a putative class of people who acquired Genoptix common stock between July 31, 2009 and June 16, 2010 against Defendants for violations of the Securities Exchange Act of 1934.  Except as specifically admitted herein, denied.

2.    Denied.

3.    To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content.  Except as expressly admitted herein, denied.

4.    To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content.  Defendants deny the remaining allegations in Paragraph 4.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**5.**     Defendants admit that the laboratory services industry generally is intensely competitive and at times has experienced consolidation, resulting in increased competition.  Defendants admit that Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those payor's insured patients at specified rates of reimbursement.  Defendants admit that patients commonly received explanation of benefits forms from their insurance companies.  Except as expressly admitted herein, denied.

**6.**     Denied.

**7.**     Defendants admit that Genoptix monitored certain metrics related to its business.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content.  Except as expressly admitted herein, denied.

**8.**     Defendants admit that Dr. Nova participated at times in calls with Genoptix sales representatives and managers.  Except as expressly admitted herein, denied.

**9.**     Defendants admit that on May 6, 2010, Genoptix reported revenue of $47.4 million, net income of $5.3 million, and $0.29 per diluted earnings per share for the first quarter of 2010.  Defendants further admit that on May 6, 2010, Genoptix reaffirmed guidance for the full-year 2010 with revenue expectations between $235 and $240 million.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize the statements any Defendant made or any analyst statements, Defendants refer Plaintiff and the Court to the source of the statements and to the transcript of the May 6, 2010 conference call. Except as expressly admitted herein, denied.

10.     Defendants admit that on June 16, 2010, Genoptix revised its full-year revenue guidance to approximately $210 million for 2010. To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Except as expressly admitted herein, denied.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, denied.

12.     Defendants admit that Genoptix's stock price reached $38.79 per share on April 30, 2010. Defendants admit that Genoptix's stock price closed at $17.19 per share on June 16, 2010. Except as expressly admitted herein, denied.

13.     Defendants admit that Dr. Nova, Mr. Riccitelli, and Mr. Schuling participated in a conference call on July 29, 2010. To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made by analysts during that call, Defendants refer Plaintiff and the Court to the transcript of the conference call. To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Defendants lack knowledge or information sufficient to form a belief as to the truth

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

of the allegations in Paragraph 13 regarding the *Street Sweeper* article, and on that basis, deny them.  Except as expressly admitted herein, denied.

14.    Paragraph 14 contains legal conclusions, which require no response. To the extent Paragraph 14 contains factual allegations, denied.

### JURISDICTION AND VENUE

15.    Paragraph 15 contains legal conclusions, which require no response.

16.    Paragraph 16 contains legal conclusions, which require no response.

17.    Paragraph 17 contains legal conclusions, which require no response. To the extent Paragraph 17 contains factual allegations, denied.

18.    Paragraph 18 contains legal conclusions, which require no response. To the extent Paragraph 18 contains factual allegations, denied.

### PARTIES

19.    Defendants admit that the Court appointed City of Ann Arbor Employees' Retirement lead plaintiff on April 6, 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, on that basis, deny them.

20.    Defendants admit that Genoptix provides diagnostic testing services for hematomalignancies, including its COMPASS and CHART services. Defendants admit that Genoptix was founded in 1999 and completed its Initial Public Offering on November 2, 2007.  Defendants admit that Genoptix's stock was listed and publicly traded on the NASDAQ stock exchange between July 31, 2009 and June 16, 2010.  Defendants admit that Mr. Riccitelli attended the Bank of America Securities Mid Cap Conference on September 21, 2009.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Riccitelli

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

made at this conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Mr. Riccitelli's true and correct statements.  Except as expressly admitted herein, denied.

        **(a)**    Admitted.

**21.**    Defendants admit Dr. Nova served as Genoptix's President and Chief Executive Officer and as a member of the Board of directors from March 2000 through June 16, 2010.  Defendants further admit that Dr. Nova sold 102,978 shares of Genoptix stock between July 31, 2009 and June 16, 2010.  Except as expressly admitted herein, denied.

**22.**    Defendants admit that Douglas Schuling served as Genoptix's Chief Financial Officer and Executive Vice President from April 1999 through June 16, 2010.  Defendants further admit that Mr. Schuling sold 34,640 shares of Genoptix stock between July 31, 2009 and June 16, 2010.   Except as expressly admitted herein, denied.

**23.**    Defendants admit that Samuel Riccitelli served as Genoptix's Chief Operating Officer and Executive Vice President from October 2001 through June 16, 2010.  Defendants further admit that Mr. Riccitelli sold 35,038 shares of Genoptix stock between July 31, 2009 and June 16, 2010.  Except as expressly admitted herein, denied.

**24.**    Admitted.

**25.**    Defendants admit that Dr. Nova, Mr. Riccitelli, and Mr. Schuling had access to certain information about Genoptix's business, operations, and finances. Except as expressly admitted herein, denied.

**26.**    Paragraph 26 contains legal conclusions, which require no response. To the extent that Paragraph 26 contains factual allegations, denied.

**27.**    Paragraph 27 contains legal conclusions, which require no response. To the extent that Paragraph 27 contains factual allegations, denied.

**28.**    Denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

**ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)**

## BACKGROUND TO THE CLASS PERIOD

**29.**   To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements any Defendant made, Defendants refer Plaintiff and the Court to the source of the statements.  Except as expressly admitted herein, denied.

**30.**   Defendants admit that Mr. Schuling attended the William Blair & Co. Small-Cap Growth Stock Conference on October 7, 2008.   To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements Mr. Schuling made at the conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Mr. Schuling's true and correct statements.  Except as expressly admitted herein, denied.

**31.**   Defendants admit that Mr. Riccitelli participated in a conference call on November 6, 2008.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements Mr. Riccitelli made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for Mr. Riccitelli's true and correct statements.  Except as expressly admitted herein, denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**32.**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis, denied.

**33.**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis, denied.

**34.**     Defendants admit that Dr. Nova and Mr. Riccitelli participated in a conference call on February 26, 2009.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements Dr. Nova or Mr. Riccitelli made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for Dr. Nova's and Mr. Riccitelli's true and correct statements.  Except as expressly admitted herein, denied.

**35.**     Defendants admit that Mr. Riccitelli participated in a conference call on February 26, 2009.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements Mr. Riccitelli made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for Mr. Riccitelli's true and correct statements.  Except as expressly admitted herein, denied.

**36.**     Defendants admit that Mr. Schuling attended the Cowen and Company Healthcare Conference on March 16, 2009.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements Mr. Schuling made at the conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Mr. Schuling's true and correct statements.  Except as expressly admitted herein, denied.

37.   Defendants admit that Mr. Schuling attended the Cowen and Company Healthcare Conference on March 16, 2009.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements Mr. Schuling made at the conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Mr. Schuling's true and correct statements.  Except as expressly admitted herein, denied.

38.   Defendants admit that Genoptix issued a press release on April 30, 2009.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the contents of that press release, Defendants refer Plaintiff and the Court to the press release for its true and correct contents.  Except as expressly admitted herein, denied.

**DEFENDANTS' FALSE AND MISLEADING STATEMENTS ISSUED**

Cooley LLP
Attorneys At Law
San Diego

8.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10CV2502-CAB (DHB)

# DURING THE CLASS PERIOD[1]

39.     To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content.  Except as expressly admitted herein, denied.

40.     To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010,  or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content.  Except as expressly admitted herein, denied.

41.     To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by

---

[1] Defendants use the headings from Plaintiff's Complaint for convenience only and do not admit the accuracy of nor the characterizations set forth in the headings.

Cooley LLP
Attorneys At Law
San Diego

9.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

**42.** To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

**43.** To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

**44.** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis, denied.

**45.** Defendants admit that Genoptix's stock price closed at $31.31 per share on July 31, 2009. To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1    statements.   On that basis, Defendants do not respond to these allegations, but
2    reserve their right to do so.  Except as expressly admitted herein, denied.

3         **46.**     To the extent this paragraph alleges that Defendants made misleading
4    statements of present fact before February 25, 2010, or forward looking statements
5    at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
6    that basis, Defendants do not respond to these allegations, but reserve their right to
7    do so.  Except as expressly admitted herein, denied, including all subparts.

8         **47.**     To the extent this paragraph alleges that Defendants made misleading
9    statements of present fact before February 25, 2010, or forward looking statements
10   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
11   that basis, Defendants do not respond to these allegations, but reserve their right to
12   do so.  Except as expressly admitted herein, denied.

13        **48.**     To the extent this paragraph alleges that Defendants made misleading
14   statements of present fact before February 25, 2010, or forward looking statements
15   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
16   that basis, Defendants do not respond to these allegations, but reserve their right to
17   do so.  Further, Paragraph 48 contains legal conclusions, which require no response.
18   Except as expressly admitted herein, denied, including all subparts.

19        **49.**     To the extent this paragraph alleges that Defendants made misleading
20   statements of present fact before February 25, 2010, or forward looking statements
21   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
22   that basis, Defendants do not respond to these allegations, but reserve their right to
23   do so.  Except as expressly admitted herein, denied.

24        **50.**     To the extent this paragraph alleges that Defendants made misleading
25   statements of present fact before February 25, 2010, or forward looking statements
26   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
27   that basis, Defendants do not respond to these allegations, but reserve their right to
28   do so.   Without waiving the foregoing, to the extent Plaintiff purports to quote

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

51.    To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

52.    To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

53.    To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1   Defendants, Defendants refer the Plaintiff and the Court to the transcripts,
2   underlying filings and/or recordings of those statements for their true and correct
3   content.  Except as expressly admitted herein, denied.

4       **54.**     To the extent this paragraph alleges that Defendants made misleading
5   statements of present fact before February 25, 2010, or forward looking statements
6   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
7   that basis, Defendants do not respond to these allegations, but reserve their right to
8   do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote
9   from, excerpt, characterize or summarize any public statements made by
10  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,
11  underlying filings and/or recordings of those statements for their true and correct
12  content.  Except as expressly admitted herein, denied.

13      **55.**     To the extent this paragraph alleges that Defendants made misleading
14  statements of present fact before February 25, 2010, or forward looking statements
15  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
16  that basis, Defendants do not respond to these allegations, but reserve their right to
17  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote
18  from, excerpt, characterize or summarize any public statements made by
19  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,
20  underlying filings and/or recordings of those statements for their true and correct
21  content.  Except as expressly admitted herein, denied.

22      **56.**     To the extent this paragraph alleges that Defendants made misleading
23  statements of present fact before February 25, 2010, or forward looking statements
24  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
25  that basis, Defendants do not respond to these allegations, but reserve their right to
26  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote
27  from, excerpt, characterize or summarize any public statements made by
28  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1  underlying filings and/or recordings of those statements for their true and correct
2  content.  Except as expressly admitted herein, denied.

3      **57.**    To the extent this paragraph alleges that Defendants made misleading
4  statements of present fact before February 25, 2010, or forward looking statements
5  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
6  that basis, Defendants do not respond to these allegations, but reserve their right to
7  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote
8  from, excerpt, characterize or summarize any public statements made by
9  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,
10  underlying filings and/or recordings of those statements for their true and correct
11  content.  Except as expressly admitted herein, denied.

12      **58.**    To the extent this paragraph alleges that Defendants made misleading
13  statements of present fact before February 25, 2010, or forward looking statements
14  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
15  that basis, Defendants do not respond to these allegations, but reserve their right to
16  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote
17  from, excerpt, characterize or summarize any public statements made by
18  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,
19  underlying filings and/or recordings of those statements for their true and correct
20  content.  Except as expressly admitted herein, denied.

21      **59.**    To the extent this paragraph alleges that Defendants made misleading
22  statements of present fact before February 25, 2010, or forward looking statements
23  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
24  that basis, Defendants do not respond to these allegations, but reserve their right to
25  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote
26  from, excerpt, characterize or summarize any public statements made by
27  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,
28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1  underlying filings and/or recordings of those statements for their true and correct

2  content.  Except as expressly admitted herein, denied.

3       **60.**    To the extent this paragraph alleges that Defendants made misleading

4  statements of present fact before February 25, 2010, or forward looking statements

5  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On

6  that basis, Defendants do not respond to these allegations, but reserve their right to

7  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote

8  from, excerpt, characterize or summarize any public statements made by

9  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,

10  underlying filings and/or recordings of those statements for their true and correct

11  content.  Except as expressly admitted herein, denied.

12       **61.**    To the extent this paragraph alleges that Defendants made misleading

13  statements of present fact before February 25, 2010, or forward looking statements

14  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On

15  that basis, Defendants do not respond to these allegations, but reserve their right to

16  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote

17  from, excerpt, characterize or summarize any public statements made by

18  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,

19  underlying filings and/or recordings of those statements for their true and correct

20  content.  Except as expressly admitted herein, denied.

21       **62.**    To the extent this paragraph alleges that Defendants made misleading

22  statements of present fact before February 25, 2010, or forward looking statements

23  at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On

24  that basis, Defendants do not respond to these allegations, but reserve their right to

25  do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote

26  from, excerpt, characterize or summarize any public statements made by

27  Defendants, Defendants refer the Plaintiff and the Court to the transcripts,

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

**ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)**

underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

63. To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

64. To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content. Except as expressly admitted herein, denied.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis, denied.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis, denied.

67. To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1   that basis, Defendants do not respond to these allegations, but reserve their right to
2   do so.  Except as expressly admitted herein, denied.

3       **68.**    To the extent this paragraph alleges that Defendants made misleading
4   statements of present fact before February 25, 2010, or forward looking statements
5   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
6   that basis, Defendants do not respond to these allegations, but reserve their right to
7   do so.  Except as expressly admitted herein, denied.

8       **69.**    To the extent this paragraph alleges that Defendants made misleading
9   statements of present fact before February 25, 2010, or forward looking statements
10   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
11   that basis, Defendants do not respond to these allegations, but reserve their right to
12   do so.  Further, Paragraph 69 contains legal conclusions, which require no response.
13   Except as expressly admitted herein, denied.

14       **70.**    To the extent this paragraph alleges that Defendants made misleading
15   statements of present fact before February 25, 2010, or forward looking statements
16   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
17   that basis, Defendants do not respond to these allegations, but reserve their right to
18   do so.  Except as expressly admitted herein, denied.

19       **71.**    To the extent this paragraph alleges that Defendants made misleading
20   statements of present fact before February 25, 2010, or forward looking statements
21   at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On
22   that basis, Defendants do not respond to these allegations, but reserve their right to
23   do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote
24   from, excerpt, characterize or summarize any public statements made by
25   Defendants, Defendants refer the Plaintiff and the Court to the transcripts,
26   underlying filings and/or recordings of those statements for their true and correct
27   content.  Except as expressly admitted herein, denied.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**72.**     To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content.  Except as expressly admitted herein, denied.

**73.**     To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Without waiving the foregoing, to the extent Plaintiff purports to quote from, excerpt, characterize or summarize any public statements made by Defendants, Defendants refer the Plaintiff and the Court to the transcripts, underlying filings and/or recordings of those statements for their true and correct content.  Except as expressly admitted herein, denied.

**74.**     Defendants admit that Genoptix issued a press release on February 25, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements in the press release, Defendants refer Plaintiff and the Court to the press release for its true and correct contents.  Except as expressly admitted herein, denied.

**75.**     Defendants admit that Genoptix issued a press release on February 25, 2010.  To the extent this paragraph alleges that Defendants made misleading

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize Dr. Nova's statements in the press release, Defendants refer Plaintiff and the Court to the press release for its true and correct contents.   Except as expressly admitted herein, denied.

**76.**   Defendants admit that Genoptix issued a press release on February 25, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the press release, Defendants refer Plaintiff and the Court to the press release for its true and correct contents.   Except as expressly admitted herein, denied.

**77.**   Defendants admit that Dr. Nova participated in a conference call on February 25, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize Dr. Nova's statements made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for Dr. Nova's true and correct statements.   Except as expressly admitted herein, denied.

**78.**   Defendants admit that Mr. Riccitelli participated in a conference call on February 25, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10CV2502-CAB (DHB)

excerpt, characterize, or summarize Mr. Riccitelli's statements made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for Mr. Riccitelli's true and correct statements. Except as expressly admitted herein, denied.

**79.** Defendants admit that Mr. Schuling participated in a conference call on February 25, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize Mr. Schuling's statements made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for Mr. Schuling's true and correct statements. Except as expressly admitted herein, denied.

**80.** Defendants admit that Mr. Riccitelli participated in a conference call on February 25, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize Mr. Riccitelli's statements made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for Mr. Riccitelli's true and correct statements. Except as expressly admitted herein, denied.

**81.** Defendants admit that Mr. Schuling participated in a conference call on February 25, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize Mr. Schuling's statements made during the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10CV2502-CAB (DHB)

1   conference call, Defendants refer Plaintiff and the Court to the transcript of the

2   conference call for Mr. Schuling's true and correct statements.  Except as expressly

3   admitted herein, denied.

4       **82.**   Defendants admit Genoptix filed a Form 10-K on February 25, 2010.

5   Defendants further admit that Dr. Nova and Mr. Schuling signed Sarbanes-Oxley

6   certifications for the February 25, 2010 Form 10-K.  To the extent this paragraph

7   alleges that Defendants made misleading forward looking statements, the Court

8   dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do

9   not respond to these allegations, but reserve their right to do so.  To the extent

10  Plaintiff purports to excerpt, characterize, or summarize the statements made in the

11  Form 10-K, Defendants refer Plaintiff and the Court to the Form 10-K for its true

12  and correct contents. Except as expressly admitted herein, denied.

13      **83.**   Defendants admit Genoptix filed a Form 10-K on February 25, 2010.

14  To the extent this paragraph alleges that Defendants made misleading forward

15  looking statements, the Court dismissed Plaintiff's Complaint as to such statements.

16  On that basis, Defendants do not respond to these allegations, but reserve their right

17  to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the

18  statements made in the Form 10-K, Defendants refer Plaintiff and the Court to the

19  Form 10-K for its true and correct contents. Except as expressly admitted herein,

20  denied.

21      **84.**   Denied, including all subparts.

22      **85.**   To the extent this paragraph alleges that Defendants made misleading

23  forward looking statements, the Court dismissed Plaintiff's Complaint as to such

24  statements.   On that basis, Defendants do not respond to these allegations, but

25  reserve their right to do so.  Except as expressly admitted herein, denied.

26      **86.**   To the extent this paragraph alleges that Defendants made misleading

27  forward looking statements, the Court dismissed Plaintiff's Complaint as to such

28  statements.   On that basis, Defendants do not respond to these allegations, but

Cooley LLP
Attorneys At Law
San Diego

21.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

reserve their right to do so.  Further, Paragraph 86 contains legal conclusions, which require no response.  Except as expressly admitted herein, denied.

**87.**   Denied.

## THE MARKET BEGINS TO LEARN THE TRUTH

**88.**   Defendants admit Genoptix issued a press release on May 6, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements in the press release, Defendants refer Plaintiff and the Court to the press release for its true and correct contents.  Except as expressly admitted herein, denied.

**89.**   Defendants admit Genoptix issued a press release on May 6, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements in the press release, Defendants refer Plaintiff and the Court to the press release for its true and correct contents.  Except as expressly admitted herein, denied.

**90.**   Defendants admit that Dr. Nova, Mr. Riccitelli, and Mr. Schuling participated in a conference call on May 6, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova, Mr. Riccitelli, or Mr. Schuling made during the conference call, Defendants refer

Cooley LLP
Attorneys At Law
San Diego

22.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1  Plaintiff and the Court to the transcript of the call for their true and correct

2  statements.  Except as expressly admitted herein, denied.

3       **91.**    Defendants admit that Dr. Nova and Mr. Riccitelli participated in a

4  conference call on May 6, 2010.   To the extent this paragraph alleges that

5  Defendants made misleading forward looking statements, the Court dismissed

6  Plaintiff's Complaint as to such statements.   On that basis, Defendants do not

7  respond to these allegations, but reserve their right to do so.  To the extent Plaintiff

8  purports to excerpt, characterize, or summarize statements Dr. Nova or Mr.

9  Riccitelli made during the conference call, Defendants refer Plaintiff and the Court

10  to the transcript of the call for their true and correct statements.  Except as expressly

11  admitted herein, denied.

12       **92.**    Defendants admit that Mr. Schuling participated in a conference call

13  on May 6, 2010.   To the extent this paragraph alleges that Defendants made

14  misleading forward looking statements, the Court dismissed Plaintiff's Complaint

15  as to such statements.   On that basis, Defendants do not respond to these

16  allegations, but reserve their right to do so.   To the extent Plaintiff purports to

17  excerpt, characterize, or summarize statements Mr. Schuling or any analyst made

18  during the conference call, Defendants refer Plaintiff and the Court to the transcript

19  of the call for their true and correct statements.   Except as expressly admitted

20  herein, denied.

21       **93.**    Defendants admit that Dr. Nova participated in a conference call on

22  May 6, 2010.  To the extent this paragraph alleges that Defendants made misleading

23  forward looking statements, the Court dismissed Plaintiff's Complaint as to such

24  statements.   On that basis, Defendants do not respond to these allegations, but

25  reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize,

26  or summarize statements Dr. Nova or any analyst made during the conference call,

27  Defendants refer Plaintiff and the Court to the transcript of the call for their true and

28  correct statements.  Except as expressly admitted herein, denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

23.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**94.** Defendants admit that Mr. Schuling participated in a conference call on May 6, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Schuling or any analyst made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements. Except as expressly admitted herein, denied.

**95.** Defendants admit that Dr. Nova and Mr. Riccitelli participated in a conference call on May 6, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova, Mr. Riccitelli, or any analyst made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements. Except as expressly admitted herein, denied.

**96.** Defendants admit that Mr. Schuling participated in a conference call on May 6, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Schuling or any analyst made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements. Except as expressly admitted herein, denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

24.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

97.   Defendants admit that Dr. Nova participated in a conference call on May 6, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova or any analyst made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements.  Except as expressly admitted herein, denied.

98.   Defendants admit that Mr. Riccitelli participated in a conference call on May 6, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Riccitelli made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for Mr. Riccitelli's true and correct statements.   Except as expressly admitted herein, denied.

99.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis, denied.

100.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis, denied.

101.   Defendants admit Genoptix filed a Form 10-Q on May 6, 2010. Defendants further admit that Dr. Nova and Mr. Schuling signed Sarbanes-Oxley certifications for the May 6, 2010 Form 10-Q.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the Form

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

25.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

10-Q, Defendants refer Plaintiff and the Court to the Form 10-Q for its true and correct contents.  Except as expressly admitted herein, denied.

**102.**   Defendants admit Genoptix filed a Form 10-Q on May 6, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the Form 10-Q, Defendants refer Plaintiff and the Court to the Form 10-Q for its true and correct contents.  Except as expressly admitted herein, denied.

**103.**   Defendants admit Genoptix filed a Form 10-Q on May 6, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the Form 10-Q, Defendants refer Plaintiff and the Court to the Form 10-Q for its true and correct contents.  Except as expressly admitted herein, denied.

**104.**   Denied, including all subparts.

**105.**   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Except as expressly admitted herein, denied.

**106.**   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Except as expressly admitted herein, denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1    **107.**   Defendants admit that Genoptix's stock price closed at $27.89 per

2    share on May 7, 2010.  Except as expressly admitted herein, denied.

3    **108.**   Defendants admit that Dr. Nova and Mr. Riccitelli participated in the

4    Bank of America Merrill Lynch Healthcare Conference on May 11, 2010.  To the

5    extent this paragraph alleges that Defendants made misleading forward looking

6    statements, the Court dismissed Plaintiff's Complaint as to such statements.  On

7    that basis, Defendants do not respond to these allegations, but reserve their right to

8    do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize

9    statements Dr. Nova made during the conference, Defendants refer Plaintiff and the

10   Court to the conference transcript for Dr. Nova's true and correct statements.

11   Except as expressly admitted herein, denied.

12   **109.**   Defendants admit that Dr. Nova participated in the Bank of America

13   Merrill Lynch Healthcare Conference on May 11, 2010.   To the extent this

14   paragraph alleges that Defendants made misleading forward looking statements, the

15   Court dismissed Plaintiff's Complaint as to such statements.   On that basis,

16   Defendants do not respond to these allegations, but reserve their right to do so.  To

17   the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr.

18   Nova or any analyst made during the conference, Defendants refer Plaintiff and the

19   Court to the conference transcript for their true and correct statements.  Except as

20   expressly admitted herein, denied.

21   **110.**   Defendants admit that Mr. Riccitelli participated in the Bank of

22   America Merrill Lynch Healthcare Conference on May 11, 2010.  To the extent this

23   paragraph alleges that Defendants made misleading forward looking statements, the

24   Court dismissed Plaintiff's Complaint as to such statements.   On that basis,

25   Defendants do not respond to these allegations, but reserve their right to do so.  To

26   the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr.

27   Riccitelli made during the conference, Defendants refer Plaintiff and the Court to

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

27.

**ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)**

the conference transcript for Mr. Riccitelli's true and correct statements.  Except as expressly admitted herein, denied.

**111.** Defendants admit that Mr. Riccitelli participated in the Bank of America Merrill Lynch Healthcare Conference on May 11, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Riccitelli or any analyst made during the conference, Defendants refer Plaintiff and the Court to the conference transcript for their true and correct statements.  Except as expressly admitted herein, denied.

**112.** To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Except as expressly admitted herein, denied.

**113.** To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  Further, Paragraph 113 contains legal conclusions, which require no response.  Except as expressly admitted herein, denied.

**114.** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis, denied.

**115.** Defendants admit that Genoptix issued a press release on June 16, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements in the press release, Defendants refer Plaintiff and the

Cooley LLP
Attorneys At Law
San Diego

28.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Court to the press release for its true and correct contents. Except as expressly admitted herein, denied.

**116.** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis, denied.

**117.** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis, denied.

**118.** Defendants admit that Dr. Nova and Mr. Riccitelli participated in the William Blair Growth Stock Conference on June 16, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova made during the conference, Defendants refer Plaintiff and the Court to the conference transcript for Dr. Nova's true and correct statements. Except as expressly admitted herein, denied.

**119.** Defendants admit that Mr. Riccitelli participated in the William Blair Growth Stock Conference on June 16, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Riccitelli made during the conference, Defendants refer Plaintiff and the Court to the conference transcript for Mr. Riccitelli's true and correct statements. Except as expressly admitted herein, denied.

**120.** Defendants admit that Genoptix's stock price closed at $17.19 per share on June 16, 2010. Except as expressly admitted herein, denied.

**121.** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis, denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

29.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10CV2502-CAB (DHB)

**122.**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and on that basis, denied.

**123.**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis, denied.

**124.**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis, denied.

**125.**   Defendants admit that Dr. Nova participated in a conference call on July 29, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for Dr. Nova's true and correct statements.   Except as expressly admitted herein, denied.

**126.**    Defendants admit that Mr. Schuling participated in a conference call on July 29, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Schuling made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for Mr. Schuling's true and correct statements.   Except as expressly admitted herein, denied.

**127.**   Defendants admit Genoptix filed a Form 10-Q on July 29, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

30.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the Form 10-Q, Defendants refer Plaintiff and the Court to the Form 10-Q for its true and correct contents.  Except as expressly admitted herein, denied.

128.   Defendants admit Genoptix filed a Form 10-Q on July 29, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the Form 10-Q, Defendants refer Plaintiff and the Court to the Form 10-Q for its true and correct contents.  Except as expressly admitted herein, denied.

129.   Defendants admit that Dr. Nova and Mr. Riccitelli participated in the 2010 UBS Global Life Sciences Conference on September 21, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova made during the conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Dr. Nova's true and correct statements.  Except as expressly admitted herein, denied.

130.   Defendants admit that Dr. Nova participated in the 2010 UBS Global Life Sciences Conference on September 21, 2010.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova made during the conference, Defendants refer Plaintiff and the Court to the transcript of

Cooley LLP
Attorneys At Law
San Diego

31.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

the conference for Dr. Nova's true and correct statements.   Except as expressly admitted herein, denied.

**131.**   Defendants admit that Mr. Riccitelli participated in the 2010 UBS Global Life Sciences Conference on September 21, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Riccitelli made during the conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Mr. Riccitelli's true and correct statements. Except as expressly admitted herein, denied.

**132.**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis, denied.

**133.**   Defendants admit Mr. Schuling participated in a conference call on November 4, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Schuling or any analyst made during the call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements.   Except as expressly admitted herein, denied.

**134.**   Defendants admit Genoptix filed a Form 10-Q on November 4, 2010. To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the Form 10-Q, Defendants refer Plaintiff and the Court to the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

32.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Form 10-Q for its true and correct contents.  Except as expressly admitted herein, denied.

**135.**  Admitted.

**CONFIDENTIAL WITNESS ALLEGATIONS SUPPORTING FALSITY AND SCIENTER**

**136.**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis, denied.

**137.**  Defendants admit that the laboratory services industry generally is intensely competitive and at times has experienced consolidation, resulting in increased competition.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

(a)  Defendants admit that the laboratory services industry generally is intensely competitive and at times has experienced consolidation, resulting in increased competition.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137(a) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**138.**  Defendants admit that the laboratory services industry generally is intensely competitive and at times has experienced consolidation, resulting in increased competition.  Defendants further admit that Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those payor's insured patients at specified rates of reimbursement.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

(a)  Defendants admit that generally health care providers can become contracted with managed care providers.  Defendants further admit that

Cooley LLP
Attorneys At Law
San Diego

33.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those payor's insured patients at specified rates of reimbursement.  Defendants admit that physicians generally can choose any service provider if the doctor deems the service medically necessary.  Defendants admit that Genoptix trained its sales force to, among other things, emphasize the benefits of the Company's services.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138(a) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**139.**  Defendants admit that Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those payor's insured patients at specified rates of reimbursement.  Defendants further admit that some hospitals had contractual relationships with managed care providers.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**140.**  Defendants admit that Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those payor's insured patients at specified rates of reimbursement.  Defendants further admit that patients commonly received explanation of benefits forms from their insurance companies.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**(a)**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140(a) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

Cooley LLP
Attorneys At Law
San Diego

34.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**141.**  Defendants admit that, at times, oncologists moved from private practice into hospitals.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**(a)**  Defendants admit that Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those payor's insured patients at specified rates of reimbursement.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141(a) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**(b)**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141(b) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**142.**  Defendants admit that salespersons had monthly goals.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**143.**  Defendants admit that national sales calls were typically held on a periodic basis but the frequency varied over time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

**(a)**  Defendants admit that Dr. Nova may have participated in a small number of national sales calls.  Except as expressly admitted herein, denied.

**(b)**  Defendants admit that various issues related to the sales of Genoptix's services and the activities of Genoptix's salespersons were discussed during the national sales calls.  Defendants lack knowledge or information

Cooley LLP
Attorneys At Law
San Diego

35.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1
2
3

sufficient to form a belief as to the truth of the allegations in Paragraph 143(b) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

4
5
6
7
8

**(c)**    Defendants admit that after national sales calls, minutes summarizing what was discussed as well as certain information about sales were circulated at times.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143(c) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

9
10
11

**(d)**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143(d) that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

12
13
14

**144.**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

15
16
17
18

**145.**  Defendants admit that Georgia Cancer Center was a client of Genoptix.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 that relate to CW1, and on that basis, deny them.  Except as expressly admitted herein, denied.

19
20
21
22
23

**146.**  Defendants admit that, at certain times, Genoptix prohibited employees from trading in Genoptix stock.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 that relate to CW2, and on that basis, deny them.  Except as expressly admitted herein, denied.

24
25
26
27
28

**147.**  Defendants admit that the laboratory services industry generally is intensely competitive and at times has experienced consolidation, resulting in increased competition.  Defendants further admit that Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those

Cooley LLP
Attorneys At Law
San Diego

36.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

payor's insured patients at specified rates of reimbursement.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 that relate to CW2, and on that basis, deny them. Except as expressly admitted herein, denied.

148.   Defendants admit that Georgia Cancer Center was a client of Genoptix.   Defendants further admit that Burt de Mill participated in various discussions with the Georgia Cancer Center.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 that relate to CW2, and on that basis, deny them.  Except as expressly admitted herein, denied.

149.   Defendants admit that Georgia Cancer Center was a client of Genoptix and that representatives of the Georgia Cancer Center discussed the possibility of entering a client-billing relationship with Genoptix.  Defendants further admit that, in a client-billing arrangement, Genoptix would have billed the Georgia Cancer Center a flat rate for each diagnostic testing service it performed and that the Georgia Cancer Center might have been able to bill its patients' insurance companies at higher rates.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 that relate to CW2, and on that basis, deny them.  Except as expressly admitted herein, denied.

150.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 that relate to CW3, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 150.

151.   Defendants admit that the laboratory services industry generally is intensely competitive and at times has experienced consolidation, resulting in increased competition.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 that relate to CW3, and on that basis, deny them.  Except as expressly admitted herein, denied.

152.   Defendants admit that Genoptix competed with local pathologists.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

37.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 that relate to CW3, and on that basis, deny them.  Except as expressly admitted herein, denied.

154.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 that relate to CW3, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 153.

154.  Defendants admit that Genoptix's Senior Vice President of Human Resources reported to Dr. Nova.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 that relate to CW4, and on that basis, deny them.  Except as expressly admitted herein, denied.

155.  Defendants admit that Genoptix hired new salespersons in 2009 and 2010.   Defendants further admit that, historically, more salespersons left the company in the first quarter of a given year as compared to other quarters. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 that relate to CW4, and on that basis, deny them.  Except as expressly admitted herein, denied.

156.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 that relate to CW4, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 156.

157.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 that relate to CW5, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 157.

158.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 that relate to CW5, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 158.

159.  Defendants admit that, at times, oncologists moved from private practice into hospitals.  Defendants admit that Genoptix did not give a portion of

Cooley LLP
Attorneys At Law
San Diego

38.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

reimbursement it received from insurance companies to hospitals or have personnel on-site at hospitals during the period from February 25, 2010 to June 16, 2010. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 that relate to CW5, and on that basis, deny them.  Except as expressly admitted herein, denied.

160.  Defendants admit that Genoptix's logistics personnel distributed an email to certain Genoptix employees, including certain members of senior management, with information received from Federal Express reflecting the samples expected to be delivered the next day.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 that relate to CW5, and on that basis, deny them.   Defendants deny the remaining allegations in Paragraph 160.

161.  Defendants admit that employee turnover was highest in Genoptix's sales division.  Defendants further admit that Genoptix tried to grow its sales force. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 that relate to CW5, and on that basis, deny them.  Except as expressly admitted herein, denied.

162.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 about CW6, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 162.

163.  Defendants admit that Genoptix was considered a 'non-contracting provider' by certain third party payors because it had not entered into a specific contract to provide its specialized diagnostic services to those payor's insured patients at specified rates of reimbursement.   Defendants admit that patients commonly received explanation of benefits forms from their insurance companies. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 that relate to CW6, and on that basis, deny them.  Except as expressly admitted herein, denied.

Cooley LLP
Attorneys At Law
San Diego

39.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**164.**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 that relate to CW6, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 164.

**165.**   Defendants admit Mr. Schuling participated in the William Blair & Co Small-Cap Growth Stock Conference on October 7, 2008.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Schuling made during the conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Mr. Schuling's true and correct statements.  Except as expressly admitted herein, denied.

**SCIENTER**

**166.**   Denied.

**167.**   Defendants admit that Dr. Nova was Genoptix's Chief Executive Officer, Mr. Schuling was Genoptix's Executive Vice President and Chief Financial Officer, and Mr. Riccitelli was Genoptix's Senior Vice President and Chief Operating Officer.  Except as expressly admitted herein, denied.

**168.**   Defendants admit that Genoptix monitored the volume of patient samples delivered to its labs.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Riccitelli, Mr. Schuling, or any analysts made, Defendants refer Plaintiff and the Court to the documents containing their true and correct statements.  Except as expressly admitted herein, denied.

Cooley LLP
Attorneys At Law
San Diego

40.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**169.** Defendants admit that Mr. Riccitelli participated in the Bank of America Securities Mid Cap Conference on September 21, 2009. To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements. On that basis, Defendants do not respond to these allegations, but reserve their right to do so. To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Riccitelli made during the conference, Defendants refer Plaintiff and the Court to the transcript of the conference for Mr. Riccitelli's true and correct statements. Except as expressly admitted herein, denied.

**170.** Defendants admit that Dr. Nova, Mr. Riccitelli, and Mr. Schuling sold Genoptix stock pursuant to 10b5-1 trading plans. Except as expressly admitted herein, denied.

**171.** Defendants admit that Dr. Nova sold 102,978 shares of Genoptix stock during the period from July 31, 2009 to June 16, 2010, all pursuant to a 10b5-1 trading plan. Defendants further admit that from July 31, 2009 to June 16, 2010, Dr. Nova sold shares at prices between $30.03 and $36.46 per share. Defendants further admit that Dr. Nova sold 20,900 shares of Genoptix stock at $36.45 on April 6, 2010. Defendants further admit that Dr. Nova sold 83,331 shares of Genoptix stock between January 6, 2009 and July 6, 2009. Except as expressly admitted herein, denied.

**172.** Defendants admit that Mr. Riccitelli sold 35,038 shares of Genoptix stock during the period from July 31, 2009 to June 16, 2010, all pursuant to a 10b5-1 trading plan. Defendants further admit that from July 31, 2009 to June 16, 2010, Mr. Riccitelli sold shares at prices between $29.20 and $36.64 per share. Defendants further admit that Mr. Riccitelli sold 9,740 shares of Genoptix stock at $36.64 on April 9, 2010. Except as expressly admitted herein, denied.

Cooley LLP
Attorneys At Law
San Diego

41.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**173.**  Defendants admit that Mr. Schuling sold 34,640 shares of Genoptix stock during the period from July 31, 2009 to June 16, 2010, all pursuant to a 10b5-1 trading plan.  Defendants further admit that from July 31, 2009 to June 16, 2010, Mr. Schuling sold shares at prices between $29.41 and $37.32 per share. Defendants further admit that Mr. Schuling sold 7,582 shares of Genoptix stock at $35.71 on January 14, 2010.  Defendants further admit that Mr. Schuling sold 7,582 shares of Genoptix stock at $37.32 on April 13, 2010.  Except as expressly admitted herein, denied.

**174.**  Denied.

**175.**  Defendants admit that Genoptix filed a proxy statement with the Securities and Exchange Commission on April 20, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the proxy statement, Defendants refer Plaintiff and the Court to the proxy statement for its true and correct contents.  Defendants further admit that Dr. Nova participated in a conference call on July 29, 2010.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova made during the call, Defendants refer Plaintiff and the Court to the conference call transcript for Dr. Nova's true and correct statements.  Except as expressly admitted herein, denied.

**176.**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and on that basis, denied.

**177.**  Defendants admit that Dr. Nova, Mr. Riccitelli, and Mr. Schuling amended their 10b5-1 plans on March 16, 2010.  Except as expressly admitted herein, denied.

**178.**  To the extent Plaintiff purports to excerpt, characterize, or summarize statements from Genoptix's company policies, Defendants refer Plaintiff and the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

42.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Court to the underlying policies for their true and correct contents.   Except as expressly admitted herein, denied.

**179.**   Defendants admit that Dr. Nova sold 16,700 shares of Genoptix stock on February 3, 2010 for $31.13 per share.   To the extent Plaintiff purports to excerpt, characterize, or summarize the statements in the *Street Sweeper* article, Defendants refer Plaintiff and the Court to the article for its contents.   Except as expressly admitted herein, denied.

**180.**   Defendants admit that Mr. Schuling participated in a conference call on May 6, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Mr. Schuling or any analyst made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the conference call for their true and correct statements.   Except as expressly admitted herein, denied.

**181.**   Denied.

**182.**   Defendants admit Genoptix filed a proxy report with the Securities and Exchange Commission on April 20, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the proxy report, Defendants refer Plaintiff and the Court to the proxy report for its true and correct contents.   Except as expressly admitted herein, denied.

**183.**   Defendants admit Genoptix filed a proxy report with the Securities and Exchange Commission on April 20, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

43.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the proxy report, Defendants refer Plaintiff and the Court to the proxy report for its true and correct contents.   Except as expressly admitted herein, denied.

**184.**   Defendants admit Genoptix filed a proxy report with the Securities and Exchange Commission on April 20, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the proxy report, Defendants refer Plaintiff and the Court to the proxy report for its true and correct contents.   Except as expressly admitted herein, denied.

**185.**   Defendants admit Genoptix filed a proxy report with the Securities and Exchange Commission on April 20, 2010.   To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize the statements made in the proxy report, Defendants refer Plaintiff and the Court to the proxy report for its true and correct contents.   Except as expressly admitted herein, denied.

**186.**   Defendants admit that Dr. Nova received $555,000 in base salary, $696,420 in stock awards, $682,606 in option awards, $888,000 in non-equity incentive plan compensation, and $30,610 in all other compensation in 2009. Defendants further admit that Mr. Riccitelli received $415,000 in base salary, $305,505 in stock awards, $299,445 in option awards, $342,375 in non-equity incentive plan compensation, and $21,040 in all other compensation in 2009. Defendants further admit that Mr. Schuling received $335,000 in base salary,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

44.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1   $229,950 in stock awards, $223,779 in option awards, $251,250 in non-equity

2   incentive plan compensation, and $23,006 in all other compensation in 2009.

3   Except as expressly admitted herein, denied.

4        **187.**   Defendants admit Genoptix filed a Form 8-K with the Securities and

5   Exchange Commission on December 21, 2010.  To the extent this paragraph alleges

6   that Defendants made misleading forward looking statements, the Court dismissed

7   Plaintiff's Complaint as to such statements.   On that basis, Defendants do not

8   respond to these allegations, but reserve their right to do so.  To the extent Plaintiff

9   purports to excerpt, characterize, or summarize the Form 8-K, Defendants refer

10  Plaintiff and the Court to the Form 8-K for its true and correct contents.  Except as

11  expressly admitted herein, denied.

12       **188.**   Defendants admit that Dr. Nova entered into an employment

13  agreement with Genoptix dated November 5, 2008.  To the extent Plaintiff purports

14  to excerpt, characterize, or summarize the content of the employment agreement,

15  Defendants refer Plaintiff and the Court to the employment agreement for its true

16  and correct contents.  Except as expressly admitted herein, denied.

17       **189.**   Defendants admit that Mr. Schuling and Mr. Riccitelli entered into

18  employment agreements with Genoptix.  To the extent Plaintiff purports to excerpt,

19  characterize, or summarize the content of the employment agreement, Defendants

20  refer Plaintiff and the Court to the employment agreement for its true and correct

21  contents.  Except as expressly admitted herein, denied.

22       **190.**   Defendants admit Mr. Riccitelli participated in a conference call on

23  July 30, 2009.   To the extent this paragraph alleges that Defendants made

24  misleading statements of present fact before February 25, 2010, or forward looking

25  statements at any time, the Court dismissed Plaintiff's Complaint as to such

26  statements.   On that basis, Defendants do not respond to these allegations, but

27  reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize,

28  or summarize statements Mr. Riccitelli or any analyst made during the conference

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

45.

**ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)**

call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements.  Except as expressly admitted herein, denied.

**191.**   Defendants admit Dr. Nova and Mr. Schuling participated in a July 29, 2010 conference call.  To the extent this paragraph alleges that Defendants made misleading forward looking statements, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.   To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova, Mr. Schuling, or any analyst made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements.  Except as expressly admitted herein, denied.

**192.**   Defendants admit that Genoptix filed a Form 10-K with the Securities and Exchange Commission.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.   On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the Form 10-K, Defendants refer Plaintiff and the Court to the Form 10-K for its true and correct contents.  Except as expressly admitted herein, denied.

**193.**   Defendants admit that Genoptix filed Forms 10-K and 10-Q with the Securities and Exchange Commission.  To the extent this paragraph alleges that Defendants made misleading statements of present fact before February 25, 2010, or forward looking statements at any time, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the Forms 10-K and 10-Q, Defendants refer Plaintiff and the Court to the Forms 10-K and 10-Q for their true and correct contents.  Defendants further admit that Dr. Nova and Mr. Schuling signed

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

46.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1  Sarbanes-Oxley certifications in the Forms 10-K and 10-Q.  Except as expressly
2  admitted herein, denied.

3  **DEFENDANTS' FALSE AND MISLEADING STATEMENTS ARE NOT
   PROTECTED BY THE SAFE HARBOR**
4

5  **194.**  Paragraph 194 contains legal conclusions, which require no response.
6  To the extent Paragraph 194 contains factual allegations, denied.

7  **FRAUD ON THE MARKET PRESUMPTION**

8  **195.**  Paragraph 195 contains legal conclusions, which require no response.
9  To the extent Paragraph 195 contains factual allegations, denied.

10  **196.**  Paragraph 196 contains legal conclusions, which require no response.
11  To the extent that Paragraph 196 contains factual allegations, denied.

12  **(a)**  Defendants admit that Genoptix's stock was listed and publicly
13  traded on the NASDAQ stock exchange between July 31, 2009 and June 16, 2010.
14  Except as expressly admitted herein, denied.

15  **(b)**  Defendants admit that various securities analysts followed
16  Genoptix.  Defendants lack knowledge or information sufficient to form a belief as
17  to the truth of the remaining allegations in Paragraph 196(b), and on that basis,
18  deny them.

19  **(c)**  Defendants admit that Genoptix issued press releases via news
20  wire services and participated in various conference calls with analysts and
21  investors.  Except as expressly admitted herein, denied.

22  **197.**  Paragraph 197 contains legal conclusions, which require no response.
23  To the extent that Paragraph 197 contains factual allegations, denied.

24  **PROXIMATE LOSS CAUSATION/ECONOMIC LOSS**

25  **198.**  Denied.

26  **199.**  Denied.

27  **200.**  Defendants admit Genoptix issued a press release on May 6, 2010.  To
28  the extent this paragraph alleges that Defendants made misleading forward looking

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

47.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10CV2502-CAB (DHB)

statements, the Court dismissed Plaintiff's Complaint as to such statements.  On that basis, Defendants do not respond to these allegations, but reserve their right to do so.  To the extent Plaintiff purports to excerpt, characterize, or summarize the statements in the press release, Defendants refer Plaintiff and the Court to the press release for its true and correct contents.  Defendants further admit that Dr. Nova, Mr. Riccitelli, and Mr. Schuling participated in a conference call on May 6, 2010.  To the extent Plaintiff purports to excerpt, characterize, or summarize statements Dr. Nova, Mr. Riccitelli, or Mr. Schuling made during the conference call, Defendants refer Plaintiff and the Court to the transcript of the call for their true and correct statements.  Except as expressly admitted herein, denied.

**201.**  Denied.

**202.**  Denied.

## CLASS ALLEGATIONS

**203.**  Paragraph 203 contains legal conclusions, which require no response.  To the extent that Paragraph 203 contains factual allegations, denied.

**204.**  Paragraph 204 contains legal conclusions, which require no response.  To the extent that Paragraph 204 contains factual allegations, denied.

**205.**  Paragraph 205 contains legal conclusions, which require no response.  To the extent that Paragraph 205 contains factual allegations, denied.

**206.**  Paragraph 206 contains legal conclusions, which require no response.  To the extent that Paragraph 206 contains factual allegations, denied.

**207.**  Paragraph 207 contains legal conclusions, which require no response.  To the extent that Paragraph 207 contains factual allegations, denied, including all subparts.

**208.**  Paragraph 208 contains legal conclusions, which require no response.  To the extent that Paragraph 208 contains factual allegations, denied.

## COUNT I

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

48.

**ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)**

**Violation of §10(b) of the 1934 Act and Rule 10b-5**
**Promulgated Thereunder**

**209.**   Paragraph 209 contains no factual allegations to admit or deny.

**210.**   Denied.

**211.**   Denied.

**212.**   Denied.

**213.**   Paragraph 213 contains legal conclusions, which require no response. To the extent that Paragraph 213 contains factual allegations, denied.

**214.**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 that relate to Plaintiff, and on that basis, deny them.  Except as expressly admitted herein, denied.

**215.**   Paragraph 215 contains legal conclusions, which require no response. To the extent that Paragraph 215 contains factual allegations, denied.

**COUNT II**

**Violation of 20(a) of the 1934 Act**
**Against All Defendants**

**216.**   Paragraph 216 contains no factual allegations to admit or deny.

**217.**   Paragraph 217 contains legal conclusions, which require no response. To the extent that Paragraph 217 contains factual allegations, denied.

**218.**   Paragraph 218 contains legal conclusions, which require no response. To the extent that Paragraph 218 contains factual allegations, denied.

**219.**   Denied.

Defendants deny that Plaintiff is entitled to a judgment or to any other relief as requested in the Complaint's "PRAYER FOR RELIEF."

**SEPARATE AND ADDITIONAL DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

**1.**   Plaintiff's Complaint fails to state facts sufficient to constitute a cause

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

49.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

of action against Defendants upon which the requested relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Efficient Market)

**2.**     This action is not maintainable as a class action because no efficient market existed for Genoptix stock during the purported class period, and individual issues of reliance overwhelm any common issues.

## THIRD AFFIRMATIVE DEFENSE

### (Numerosity)

**3.**     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

## FOURTH AFFIRMATIVE DEFENSE

### (Commonality)

**4.**     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a)(2).

## FIFTH AFFIRMATIVE DEFENSE

### (Typicality)

**5.**     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3).

## SIXTH AFFIRMATIVE DEFENSE

### (Adequacy)

**6.**     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to demonstrate that the named Plaintiff and class counsel are adequate class representatives under Federal Rule of Civil Procedure 23(a)(4).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

50.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1
2

**SEVENTH AFFIRMATIVE DEFENSE**

**(Predominance)**

3       **7.**      Plaintiff's claims are barred, in whole or in part, because Plaintiff has

4 failed to allege and cannot prove facts necessary to demonstrate that common

5 questions of fact or law predominate over individual issues under Federal Rule of

6 Civil Procedure 23(b)(3).

7

8

**EIGHTH AFFIRMATIVE DEFENSE**

**(Superiority)**

9       **8.**      Plaintiff's claims are barred, in whole or in part, because Plaintiff has

10 failed to allege and cannot prove facts necessary to demonstrate that a class action

11 suit would be the superior method of adjudication under Federal Rule of Civil

12 Procedure 23(b)(3).

13

14

**NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

15       **9.**      Plaintiff's claims are barred, in whole or in part, because Defendants

16 were justified in doing all of the acts alleged in the Complaint.

17

18

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

19       **10.**      Plaintiff's claims are barred, in whole or in part, by the doctrine of

20 waiver.

21

22

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

23       **11.**      Plaintiff's claims are barred, in whole or in part, because Plaintiff and

24 members of the putative class were expressly advised in statements made to them,

25 including in public documents and other sources, regarding the material facts

26 concerning their investments.  Plaintiff and members of the putative class therefore

27 assumed the risk of any loss and are estopped from recovering any relief.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

51.

**ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10CV2502-CAB (DHB)**

**TWELFTH AFFIRMATIVE DEFENSE**

**(Standing)**

12.     The named Plaintiff lacks standing to bring the claims asserted in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

13.     Plaintiff's claims are barred, in whole or in part, because Genoptix expressly advised Plaintiff and members of the putative class in statements made to them, including prospectuses and other filings with the Securities and Exchange Commission, regarding the material facts concerning their investments.   Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

14.     Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Mitigation)**

15.     Plaintiff and members of the putative class, or some of them, have failed, and continue to fail, to act reasonably to mitigate the damages alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

16.     Plaintiff's claims are barred, in whole or in part, because Defendants' alleged statements or acts were not the proximate cause of any loss alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

17.     Any recovery for damages allegedly incurred by Plaintiff and members

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

52.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10CV2502-CAB (DHB)

of the putative class, if any, is subject to offset in the amount of any benefits received by Plaintiff or members of the putative class through their investments.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

**18.**   Plaintiff's claims are barred, in whole or in part, because Defendants' acts were privileged.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Truth)

**19.**   Plaintiff's claims are barred, in whole or in part, by virtue of the truth of Defendants' assertions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith)

**20.**   Plaintiff's claims are barred, in whole or in part, because Defendants' alleged misstatements were made in good faith and with genuine belief and had a reasonable factual and historical basis.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Available Contrary Information)

**21.**   Plaintiff's claims are barred, in whole or in part, because the alleged misleading statements, if any, were rebutted by contrary information received by Plaintiff or otherwise available to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Loss Causation)

**22.**   Plaintiff's claims are barred, in whole or in part, because all or a portion of the damages that Plaintiff seeks were not caused by any statement, omission, or other action by Defendants, and therefore Plaintiff cannot establish loss causation.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

53.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Scienter)**

23.     Plaintiff's claims are barred, in whole or in part, because Defendants did not have scienter with respect to any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other challenged statement.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Proportionate Liability)**

24.     Any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is limited to the percentage of responsibility of the Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiff's alleged damages, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, codified as 15 U.S.C. § 78u-4(f)(2)(a).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Safe Harbor)**

25.     Plaintiff's claims are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, codified as 15 U.S.C. § 78u-5(c).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Bespeaks Caution)**

26.     Plaintiff's claims are barred, in whole or in part because any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements, with respect to which the liability of Defendants is asserted, contained sufficient cautionary language or risk disclosures to protect Defendants against claims of securities fraud, and are thus rendered non-actionable by the "bespeaks caution" doctrine.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

54.

**ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)**

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Non-actionable Opinion)**

27.     Plaintiff's claims are barred, in whole or in part, because the allegedly misleading statements consisted of non-actionable statements of vague and indefinite opinion or puffery.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Materiality)**

28.     Plaintiff's claims are barred, in whole or in part, because none of the allegedly false or misleading statements were material.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Reliance)**

29.     Plaintiff and members of the putative class, or some of them, are barred from recovery, in whole or in part, because they did not rely on the alleged misstatements or omissions of material fact identified in the Complaint, or because they knew, or in the exercise of reasonable and due care should have known, that the alleged misstatements and/or omissions of material fact were false or misleading.

**ADDITIONAL AFFIRMATIVE DEFENSES**

30.     Defendants reserve the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief and judgment as follows:

1.     That judgment be entered in favor of the Defendants;

2.     That Plaintiff and the putative plaintiff class take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

55.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)

1    **3.**    For costs, attorney's fees, expert witness fees and court hearing costs

2   incurred herein; and

3    **4.**    For such other relief as the Court deems just and proper.

4   FURTHERMORE, Defendants demand a jury trial.

5

6   Dated:          April 4, 2013                 COOLEY LLP

7

8                                                 *s/ Koji Fukumura*
                                                           Koji Fukumura

9                                                 Attorneys for Defendants Genoptix, Inc.,
                                                  Tina S. Nova, Douglas Schuling, and
10                                                Samuel D. Riccitelli

11

12

13

14

15    819237/SD

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
San Diego

56.

ANSWER TO AMENDED
CONSOLIDATED COMPLAINT
10cv2502-CAB (DHB)