UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND, Lake County and Vicinity, Individually and on Behalf of All Others Similarly Situated; ROBERT BRODERIUS,<br><br>    Plaintiffs,<br><br>v.<br><br>GENOPTIX, INC., et al.,<br><br>    Defendants. | Case No. 10cv2502-CAB (DHB)<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>**[ECF No. 62]** |

WHEREAS, a consolidated securities class action is pending before this Court styled *Construction Workers Pension Trust Fund-Lake County and Vicinity v. Genoptix, Inc., et al.*, Case No. 10-cv-02502-CAB (DHB) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement[1] dated as of February 10, 2014 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms

---

[1] *See* ECF No. 62-2. Page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing (ECF) system.

and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto, as well as the record to date in this matter;

WHEREAS, for purposes of this Order, all capitalized terms herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, based on the Court's review of the Stipulation, the Exhibits thereto, and the files, records, and proceedings in this matter, the Court concludes, upon preliminary examination that the Stipulation and settlement appear sufficiently fair, reasonable, and adequate to justify preliminary approval of the settlement.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby conditionally certifies a Class, for settlement purposes only, defined as: all Persons who purchased or acquired Genoptix Publicly Traded Securities beginning on July 31, 2009 and through and including June 16, 2010. Excluded from this definition are (a) all Defendants and their immediate families, (b) Genoptix's former and current officers and directors and their immediate families, and (c) any entity in which these excluded persons have a controlling interest. Also excluded from the Class are those Persons who validly and timely request exclusion from the Class pursuant to the terms of the Stipulation and its related Exhibits.

3. With respect to the Class, the Court makes the following preliminary findings: (a) it appears the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there appear to be questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff appear to be typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel appear to be capable of fairly and adequately representing and protecting the interests of all of the Class Members in connection with the proposed settlement; (e) common questions of law and fact appear to predominate over questions affecting only individual Class members,

and the Class appears to be sufficiently cohesive to warrant settlement by representation; and (f) a class action appears to be superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

      4.     Lead Plaintiff, City of Ann Arbor Employees' Retirement System is designated as class representative for the Class.

      5.     Lead Counsel, Robbins Geller Rudman & Dowd LLP, is appointed as counsel for the Class. The Court finds that Lead Counsel is competent and capable of exercising all responsibilities as Class Counsel for the Class.

      6.     A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Cathy Ann Bencivengo on **June 20, 2014** at **3:00 p.m.**, at the United States District Court for the Southern District of California, 221 West Broadway, Courtroom 4C, San Diego, CA 92101, to determine whether the settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Final Order and Judgment as provided in ¶¶1.10 and 1.14 of the Stipulation[2] should be entered; whether the Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel and the amount of expenses to be paid to Lead Plaintiff for its representation of the Class. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

      7.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"),

---

[2] *See* ECF No. 62-2 at 7-8.

and Summary Notice annexed as Exhibits A-1, A-2, and A-3 to the Stipulation[3] and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.  The date and time of the Settlement Hearing shall be inserted into the Notice and Summary Notice before they are mailed and published pursuant to ¶8 below.  All further proceedings in this action will be held before the Honorable Cathy Ann Bencivengo, therefore, the Notice and Summary Notice shall be revised accordingly.

8. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a) The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Class and not later than **April 7, 2014** (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation,[4] to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

b) Not later than **April 17, 2014**, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily*, and once over the *Business Wire*; and

c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased or acquired Genoptix Publicly Traded Securities for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such Genoptix common stock within twenty

---

[3]*See* ECF No. 62-2 at 40-81.

[4]*See* ECF No. 62-2 at 40-77.

(20) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty (20) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

11. Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

12. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **May 22, 2014**. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases, acquisitions and sales of Genoptix Publicly Traded Securities made during the Class Period, including the dates of

purchase or sale, the number of shares of common stock and/or put and call options purchased, acquired and/or sold, and the price paid or received for each such purchase, acquisition or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Order or Judgment entered in the Litigation.

14. Unless otherwise ordered by the Court, upon the Effective Date, all Persons who fall within the definition of the Class and have not timely and validly requested to be excluded from the Class in accordance with the instructions set forth above shall be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Net Settlement Fund.

15. Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff, why the Lead Plaintiff should or should not be paid for its expenses in representing the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of California, on or before **May 22, 2014**. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Lead Plaintiff or the payment of Lead Plaintiff's expenses for its representation

of the Class, unless otherwise ordered by the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served fourteen (14) calendar days prior to the deadline for objections in ¶15. Any replies shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

18. Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses incurred by Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses and payment of Lead Plaintiff's expenses should be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.[5]

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

---

[5] *See* ECF No. 62-2 at 13-14.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23. If the Stipulation and the settlement set forth therein is not approved or does not become effective for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith, including, without limitation, this Order, shall be rendered null and void and shall be vacation *nunc pro tunc*, except that the provisions set forth in the Stipulation related to this circumstance shall apply.

24. Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, all proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

25. Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, no Class Member shall commence, prosecute, pursue or litigate any Released Claim against any of the Released Parties, regardless of whether or not any such Class Member has appeared in the Litigation.

IT IS SO ORDERED.

DATED: March 17, 2014

DAVID H. BARTICK
United States Magistrate Judge